IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT ALEXANDER,

                Petitioner,                        ORDER

    v.                                          09-cv-580-bbc

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

                Respondent.

---

Robert Alexander, an inmate at the Waupun Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The subject of the petition is petitioner's 2006 conviction in the Circuit Court for Dane County of first degree sexual assault of a child, second degree sexual assault of a child, bail jumping, child abuse and exposing a child to harmful materials.

Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The rules governing habeas petitions provide that the petition must specify all the grounds for relief available to the petitioner *and* state the facts supporting each

ground. Rule 2(c) of the Rules Governing Section 2254 Cases. The conclusory "notice pleading" permitted in civil suits is inadequate in habeas cases, since "the petition is expected to state facts that point to a 'real possibility of constitutional error." ' Advisory Committee Note to Habeas Rule 4 (quoting *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir.1970)). The petition must cross "some threshold of plausibility" before the state will be required to answer. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir.1996). If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the district court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases.

In this case, petitioner has raised three grounds for relief: 1) denial of his right to confrontation; 2) double jeopardy; and 3) prosecutorial misconduct. He fails, however, to adduce a single fact in support of these claims. Absent such facts, this court has no basis to conclude that petitioner is in custody in violation of his constitutional rights.

Accordingly, the court is taking no action on the petition at this time. Instead, a copy of the petition is being returned to petitioner. Petitioner should supplement it with facts that support each of his three grounds for relief. In addition, he should complete the questions on the petition that ask whether petitioner exhausted his state court remedies with respect to the claims he seeks to raise in his petition. Absent exceptional circumstances, this court may not consider the merits of any claim that petitioner has not exhausted in state court. 28 U.S.C. § 2254(b).

ORDER

IT IS ORDERED that Robert Alexander has until October 23, 2009, in which to supplement his petition with facts supporting his claim that he is in custody in violation of the Constitution or laws or treaties of the United States. Petitioner should also complete the questions on the petition that ask whether petitioner exhausted his state court remedies with respect to the claims he seeks to raise in his petition, and attach copies of the pertinent state court decisions.

Entered this 1st day of October, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge