IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT ALEXANDER,

                Petitioner,                      ORDER

    v.                                          09-cv-580-wmc[1]

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

                Respondent.

---

This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. On February 19, 2010, this court issued an order calling for a response to petitioner Robert Alexander's contention that his plea of no contest to sexual assault of a child and other crimes was involuntary because his lawyer gave him bad advice in connection with the plea. The court dismissed 10 other claims, finding that they were either patently frivolous or failed to sufficiently state a claim of constitutional error. Now before the court are four motions: (1) petitioner's objection to the February 19 order and request for an evidentiary hearing (dkt. #22); (2) petitioner's motion to appoint counsel (dkt. #20); (3) petitioner's motion for a certified copy of the entire court record (dkt. #30); and (4) respondent's motion for an extension of time to file his answer (dkt. #25).

---

[1] This case was reassigned to me pursuant to a March 31, 2010 administrative order.

I. <u>Motion for Reconsideration of February 19 Order</u>

The court construes petitioner's "objection" to the February 19 order as a motion for reconsideration. In support of his motion, petitioner Alexander asserts that he "believes" that prison officials deprived him of access to the court by "either destroying petitioner's legal mail to the Court, or deleting parts of the Courts instructions, or forging the Court instructions, or withholding the Court instructions." Petitioner requests an evidentiary hearing to prove these allegations.

Petitioner's motion is denied for three reasons. First, petitioner has not offered any facts to support his theory -- repeated numerous times throughout this proceeding -- that prison officials are stealing his mail. For example, Alexander fails to identify documents that he sent but were not received by the court or documents referred to by the court that he never received. In fact, petitioner's responses thus far indicate that Alexander is receiving his mail. *See*, Letter, Feb. 3, 2010, dkt. #14 (indicating that petitioner received court order imposing deadline of February 11). From petitioner's submissions, it appears instead that he simply does not believe prison officials when they tell him he has not received money from his family or that he lacks funds in his account. However, unless petitioner Alexander can point to specific facts, his own "beliefs" are not enough to show that prison officials are interfering with his mail, much less interfering with his access to this court.

Second, this court does not exercise general supervisory authority over the prison. Petitioner should raise his complaints about his mail by using the inmate complaint system and pursue whatever remedies might be available to him. As petitioner has been

informed in previous orders, this court will not entertain his request for an injunction in the context of a § 2254 petition.

Third, apart from his unsupported allegations of mail tampering, petitioner offers no arguments or facts suggesting that this court erred in dismissing claims 2-11 of the petition. Insofar as petitioner is suggesting that he did not have the opportunity to fully support his claims before the court issued its order, the untimely, supplemental materials that petitioner filed after this court reviewed his petition have now been reviewed as well. Dkts. ##17 and 19. These submissions, however, confirm the court's original understanding of petitioner's claims and that it reached the correct determination regarding his claims. The motion for reconsideration will be denied.

## II. Motion for Appointment of Counsel

Petitioner renews his request for the appointment of counsel. The magistrate judge initially denied petitioner's request on the ground that the court did not have a completed petition at that time from which it could determine whether Alexander had the ability to litigate his case on his own. Order, Nov. 19, 2009, dkt. #9. When deciding whether to appoint counsel to an indigent litigant, a district court must consider (1) the difficulty of the case in relation to the petitioner's ability to represent himself and (2) whether counsel might make a difference to the outcome. *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). The question is "whether the difficulty of the case–factually and

legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (clarifying earlier articulated standard).

Assuming without deciding that petitioner lacks the funds to hire his own lawyer, the court declines to appoint counsel at this time. Petitioner's submissions show that he is able to adequately present his claims and marshal facts in support of them when they exist. The single issue on which the court has authorized petitioner to proceed -- that his plea was invalid because petitioner relied on his lawyer's bad advice -- is not unduly complex. The outcome of this case appears to turn on whether the state court decision was an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d)(2). *Wood v. Allen*, 130 S. Ct. 841 (2010); *Rice v. Collins*, 546 U.S. 333, 339 (2006). Petitioner will not need to make any complex legal arguments in support of this showing; instead, he must point to evidence presented in the state court proceeding that undermines the state courts' factual determinations. Petitioner's submissions demonstrate that he has the intelligence and communication skills needed to make such a showing.

Petitioner has also asserted that he needs a lawyer because he has a hearing impairment and mental health issues. While his hearing might be a reason to appoint counsel (or at least assistance) in the event the court were to hold an evidentiary hearing, it is not persuasive at this stage of the proceedings. Petitioner had an opportunity to

develop the facts surrounding his claim of ineffective assistance of counsel in the state court proceedings, so it is highly unlikely that petitioner would meet the demanding criteria for an evidentiary hearing in this court. 28 U.S.C. § 2254(e)(2); *Williams (Michael) v. Taylor*, 529 U.S. 420, 437 (2000) (prisoner who fails to exercise diligence in presenting claims to state court not entitled to evidentiary hearing unless he can meet conditions of § 2254(e)(2)). Even if an evidentiary hearing became necessary, petitioner acknowledges having received a hearing aid while incarcerated, albeit for only one ear.

As for petitioner's alleged ongoing treatment for depression, he again has made no showing that it has deterred his ability to pursue a claim for ineffective assistance of counsel. Petitioner's letter to the court dated February 8th, dkt. #17, refers to "a single page authored by Todd Callister, MD and Psychiatrist here at WCI," but the clerk's office noted that there was no such enclosure. While unlikely to alter the court's denial of counsel at this time, the court is willing to consider it should petitioner wish to submit it.

### III. Petitioner's Motion for Certified Copy of Court Record

Petitioner Alexander also asks the court to provide him with certified copies of the court record in this case. Petitioner cites 28 U.S.C. § 2250 as support for his request, providing that in a case in which a petitioner has been allowed to proceed in forma pauperis, the clerk of court must furnish to the petitioner certified copies of documents if ordered to do so by the judge presiding over the petition. That statute does not apply to petitioner because

he is not proceeding in forma pauperis, having paid the filing fee. In any case, if petitioner would like a stamped copy of the documents he submits in this case, then he should make an extra copy and send it along to the court to be stamped at the time of filing and returned to him. Alternatively, he can obtain documents from the clerk of court if he submits a copying fee of 50 cents per page.

## IV. Respondent's Motion for Extension of Time to File Answer

Finally, respondent has filed a motion for an extension of time in which to file his answer to the petition. Dkt. #25. Respondent's deadline was March 22, 2010; he asks that it be extended to May 14, 2010. Having reviewed the assertions made by counsel for respondent, the court is satisfied that good cause exists for granting the extension. Respondent should be aware, however, that an extension of this length will mean that he is not likely to get another in this case.

## ORDER

IT IS ORDERED that

1) Petitioner Robert Alexander's motion for reconsideration of the February 19, 2010 order is DENIED;

2) Petitioner's motion for the appointment of counsel is DENIED at this time;

3) Petitioner's motion for a certified copy of the record is DENIED; and

4) Respondent's motion for an extension of time in which to file the answer is GRANTED. Respondent must file an answer to the petition no later than May 14, 2010.

Entered this 28th day of April, 2010.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge