IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT ALEXANDER,

                Petitioner,                              ORDER

    v.

                                                      09-cv-580-wmc

MICHAEL THURMER,

                Respondent.

This case concerns a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The court issued an order calling for a response to petitioner Robert Alexander's contention that his plea of no contest to sexual assault of a child and other crimes was involuntary because his lawyer gave him bad advice in connection with the plea[1]. Now before the court are Alexander's motion to add a claim of ineffective assistance of appellate counsel to his petition, dkt. # 33, and three letters, dkt. ## 36, 37 and 38. For the most part, the letters attempt to bring information concerning his petition to the court's attention. This information should be included in Alexander's brief in support of his petition which is to be filed not later than June 14, 2010. Also, in his letters, Alexander is asking the court to allow him to use his release funds to litigate this case and to reconsider the denial of appointment of counsel.

First, the court address Alexander's motion to add a claim of ineffective assistance of appellate counsel to his petition. In his motion, he alleges the facts concerning the appeal of his conviction. Because he does not allege any errors by his appellate counsel, he has not stated a claim of ineffective assistance of appellate counsel. His motion to add this claim will

---

[1] On April 28, 2010, the court denied Alexander's motion for reconsideration, motion for appointment of counsel and motion for a certified copy of the record.

be denied.

Second, in his first letter, dkt. #36, Alexander requests that he be allowed to use his release funds to litigate his petition. The use of release account funds is governed by state law. See Wis. Admin. Code § DOC 309.466. According to § 309.466(2), "[r]elease account funds may not be disbursed for any reason until the inmate is released to field supervision, except to purchase adequate clothing for release and for out-of-state release transportation." The only exception is that release funds can used to pay an initial partial filing fee under the 1996 Prison Litigation Reform Act. Because release funds cannot be used for any other reason, the court must deny plaintiff's request.

Third, in one of his letters, dkt. #38, Alexander asks that the court reconsider the denial of his appointment of counsel motion because he is hard of hearing and has mental health issues. As the court previously found, at this point, these health issues are not reasons to appoint counsel in this case where no evidentiary hearing is likely and Alexander retains the ability to pursue his claim for ineffective assistance of trial counsel.

ORDER

IT IS ORDERED that:

1. Petitioner Robert Alexander's motion to add a claim of ineffective assistance of appellate counsel to his petition, dkt. #33, is DENIED.

2. Petitioner's motion to use his release funds to litigate this petition, dkt.#36 is DENIED.

3, Petitioner's motion for reconsideration of the denial of his motion for appointment of counsel, dkt. # 38, is DENIED.

Entered this 20th day of May, 2010.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge