IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT ALEXANDER,

                Petitioner,                              ORDER

     v.                                                  09-cv-580-wmc

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

                Respondent.

---

On March 9, 2011, I denied petitioner Robert Alexander's petition for a writ of habeas corpus under 28 U.S.C. § 2254 because he was procedurally barred from pursuing his claim of ineffective assistance of counsel. In that order I denied petitioner's request for a certificate of appealability. Now, petitioner has filed a notice of appeal.

Because Alexander has not paid the $455 fee for filing an appeal, I construe his notice as a request for leave to proceed <u>in forma pauperis</u> on appeal. Petitioner's appeal is not subject to the 1996 Prison Litigation Reform Act. *Walker v. O'Brien*, 216 F.3d 626, 628-629 (7th Cir. 2000) ("the PLRA does not apply to any requests for collateral relief under 28 U.S.C. §§ 2241, 2254, or 2255"). Nevertheless, in determining whether a petitioner is eligible for indigent status on appeal under 28 U.S.C. § 1915, the court must find both that the petitioner does not have the means to pay the $455 fee for filing his appeal and that the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) and (3). The court does not intend to certify that Alexander's appeal is not taken in good faith.

Copy of this document has been provided to: PETITIONER
[handwritten stamp]
this 21 day of Mar 2011
by [signature]
M. Hardin, Secretary to
Judge William M. Conley

In determining whether a habeas corpus petitioner is eligible for pauper status, the court applies the formula set out in 28 U.S.C. § 1915(b)(1). Specifically, from the petitioner's trust fund account statement for the six-month period immediately preceding the filing of his appeal, the court adds the deposits made to petitioner's account and calculate 20% of the greater of the average monthly deposits or the average monthly balance in the account. If the 20% figure is more than the fee petitioner owes for filing his appeal, he may not proceed *in forma pauperis*. If the 20% figure is less than $455, he must prepay whatever portion of the fee the calculation yields.

The court cannot tell whether Alexander qualifies for indigent status on appeal because he has not submitted a trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. Therefore, the court will stay a decision on Alexander's request for leave to proceed *in forma pauperis* pending his submission of the necessary trust fund account statement.

ORDER

IT IS ORDERED that a decision whether petitioner may proceed <u>in forma pauperis</u> on appeal is STAYED. Petitioner may have until April 18, 2011 in which to submit a trust fund account statement for the six-month period beginning approximately September 18, 2010, and ending approximately March 18, 2011. If, by April 18, 2011, petitioner fails to submit the necessary trust fund account statement, I will deny his request for leave to

proceed *in forma pauperis* on appeal for his failure to show that he is entitled to indigent status on appeal.

Entered this 21st day of March, 2011.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge